UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal No. 21-CR-00258-TFH |
| TROY SARGENT, | : | |
| Defendant. | : | |

MOTION TO DISMISS INDICTMENT

Defendant, Troy Sargent, moves this Court pursuant to Rule 12 for an order dismissing the indictment that names him as the defendant. As shown below, all six counts fail to state an offense and proceeding under the current indictment violates the Fifth and Sixth Amendments of the United States Constitution and Rule 7(c)(1) of the federal rules of criminal procedure.

Background

The six-count indictment alleges that on January 6, 2021, within the District of Columbia, Mr. Sargent:

> COUNT ONE: "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function," in violation of 18 U.S.C. § 231(a)(3);
>
> COUNT TWO: "did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), while such person was engaged in and on account of the performance of

official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony," in violation of 18 U.S.C. § 111(a)(1);

COUNT THREE: "did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United State Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so," in violation of 18 U.S.C. § 1752(a)(1);

COUNT FOUR: "did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in or within proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, when and so that conduct did in fact impede and disrupt the orderly conduct of Government business and official functions," in violation of 18 U.S.C. § 1752(a)(2);

COUNT FIVE: "did knowingly engage in an act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting," in violation of 18 U.S.C. § 1752(a)(4); and

COUNT SIX: "willfully and knowingly engaged in an act of physical violence within the Capitol grounds and any of the Capitol Buildings," in violation of 40 U.S.C. § 5104(e)(2)(f).

(D.E. 11, Indictment at 1-3.)

As shown above, the indictment makes no factual allegations, except to specify the date and location.

## Summary

An indictment is meant to satisfy at least two constitutional provisions. First, it gives Sixth Amendment notice of the nature and circumstances of the alleged crime so the accused may meet the charge and defend himself. United

2

States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001); Hamling v. United States, 418 U.S. 87, 117 (1974). Second, a valid indictment fulfills the Fifth Amendment's edicts that criminal cases be presented to and indicted by a grand jury and that citizens are not placed in jeopardy twice for the same offense. Stirone v. United States, 361 U.S. 212, 218 (1960).

An indictment fulfills these fundamental constitutional provisions when it sets out both the elements of the crime and the factual circumstances that would satisfy those elements when assumed true. Hamling, 418 U.S. at 118-19. An indictment may be dismissed as constitutionally insufficient when it does not join the elements with factual allegations. See Russell v. United States, 369 U.S. 749, 763-771 (1962); United States v. Hillie, 227 F. Supp. 3d 57 (D.D.C. Jan. 5, 2017); (Jackson, D.J.).

So is the case here. The indictment against Mr. Sargent makes no factual allegations and the omissions are fatal because a bill of particulars cannot save an invalid indictment. Russell, 369 U.S. at 770

Analysis

For purposes of a motion to dismiss, "the indictment must be viewed as a whole and the allegations must be accepted as true at this stage of the proceedings." United States v. Bowdoin, 770 F. Supp. 2d 142, 145 (D.D.C. Mar. 18, 2011) (Collyer, D.J.), citing Boyce Motor Lines v. United States, 342 U.S. 337, 343 & n.16 (1952). Moreover, "a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)

3

(emphasis original). "Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictment returned by the grand jury." Hitt, 249 F.3d at 1016.

To be constitutionally sufficient the indictment must first contain the elements of the alleged crimes. Hamling, 418 U.S. at 117. To do this, the indictment may use "the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements …" Hamling, 418 U.S. at 117. The indictment against Mr. Sargent largely recites the elements by repeating statutory language. However, the Fifth and Sixth Amendments and Rule 7(c)(1) generally require that the elements be combined with allegations of fact that establish the offense when assumed true. Hamling, 418 U.S. at 117-118; Fed. R. Crim. Proc. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the *essential facts constituting the offense charged*…") (emphasis added).

That an indictment must generally allege elements together with factual allegations is neither new nor novel. The Supreme Court spoke to this requirement nearly 150-years ago saying, "[The second object of an indictment is] to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction. For this, facts are to be stated, not conclusions of law alone." United States v. Cruikshank, 92 U.S. 542, 558 (1875). The Supreme Court has not repudiated the requirement; instead, it has

repeated it: "[An indictment] must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-118; Russell v. United States, 369 U.S. 749, 765 (1962); Fed. R. Crim. Proc. 7(c)(1).

Circuit courts, including the D.C. Circuit, have understandably followed the Supreme Court's lead regarding the necessity of factual allegations. United States v. Nance, 533 F.2d 699, 701-703 (D.C. Cir. 1976) (reversing where the indictment failed to make necessary factual allegations); United States v. Walsh, 194 F.3d 37, 44 (2nd Cir. 1999) ("The Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury."); United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir. 1979).

Finally, not long ago a session in this district dismissed child pornography counts because the indictment failed to make sufficient factual allegations. Hillie, 227 F. Supp. 3d at 82.

Here, the indictment alleges statutory language for each count, but it omits factual allegations in violation of the Fifth Amendment, the Sixth Amendment, and Rule 7(c)(1). The omitted facts and circumstances thwart Mr. Sargent's ability to defend against the indictment and to avoid being twice placed in jeopardy for the same offense. Moreover, the omissions would permit the government to obtain convictions based on facts or evidence not presented

to the grand jury.

For example, Count One alleges that "Troy Sargent committed or attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the performance of his or her official duties. . ." (Indictment, D.E. 11 at 1.) However, Count One lacks allegations of fact indicating what Mr. Sargent did to obstruct, impede, or interfere. The indictment also does not allege who Mr. Sargent obstructed, impeded, or interfered with, thereby leaving the Court and Mr. Sargent unable to assess whether the person was an officer lawfully engaged in official duties. These factual allegations are needed for Mr. Sargent to meet the government's case and to defend himself.

Count One also alleges that a "federally protected function" was obstructed, delayed, or adversely affected by the civil disorder, but it does not allege what federally protected function. (Indictment, D.E. 11 at 2.) The term "federally protected function" is defined at 18 U.S.C. § 232(3). Without knowing which function the government alleges to have been obstructed, delayed, or adversely affected, Mr. Sargent cannot determine whether the alleged function meets the statutory definition.

Finally, the government's framing of Count One omits facts needed for Mr. Sargent to mount possible constitutional challenges to his prosecution. Without knowing what the government alleges that Mr. Sargent did, he cannot argue pretrial that the statute is unconstitutionally vague as applied to him or that it overburdens his free speech or association rights. See Holder v.

Humanitarian L. Project, 561 U.S. 1, 18-19 (2010) ("a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others"); Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) ("We have said that when a statute interferes with the right of free speech or of association, a more stringent vagueness test should apply"); United States v. Howard, 2021 WL 3856290 at *14 (E.D. Wis. Aug. 30, 2021, Slip Op.) (Pepper, C.J.) (denying a defendant's vagueness challenge to 18 U.S.C. § 231(a)(3) in-part because the indictment alleged that defendant threw a brick at a police officer, which is clearly proscribed).

As another example, Count Two also omits facts and circumstances that prove fatal. Count Two alleges that Mr. Sargent "did forcibly assault, resist, oppose, impede, intimidate, and interfere, with an officer and employee of the United States," but it does not allege facts and circumstances to support which of those things he did and how. (Indictment, D.E. 11 at 2.) Assaulting is different from resisting, which is different from opposing, impeding, intimidating, and interfering. Moreover, without indicating who Mr. Sargent is alleged to have engaged with, he cannot determine whether the indictment concerns an officer or employee of the United States, engaged in the performance of an official duty. Finally, like Count One, Mr. Sargent cannot determine whether a pretrial motion contesting the constitutionality of 18 U.S.C. § 111(a)(1) as applied to him is appropriate.

Counts Three through Six fair no better because the whole of the

government's indictment alleges no facts except the date and general location: "On or about January 6, 2021, within the District of Columbia." (Indictment Counts Three through Six, D.E. 11 at 1-3.)

Although it is tempting, the government cannot file a bill of particulars to correct the indictment. "[I]t is a settled rule that a bill of particulars cannot save an invalid indictment." Russell, 369 U.S. at 770. "This underlying principle is reflected by the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." Id; United States v. Thomas, 444 F.3d 919, 922-923 (D.C. Cir. 1971) (reversing because the indictment lacked factual particularity and finding the error could not have been remedied by a bill of particulars).

## Conclusion

For the reasons stated above, all six counts of the indictment naming Mr. Sargent as defendant should be dismissed for failure to state offenses.

TROY SARGENT
By his attorneys,

<u>/s/ Joshua R. Hanye</u>
Joshua R. Hanye
MA B.B.O. No. 661686
Joshua_Hanye@fd.org

Wade Zolynski
MT Bar No. 6088
Wade_Zolynski@fd.org

Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

**Certificate of Service**

I hereby certify that this document was sent electronically to those registered through ECF on September 30, 2021.

<u>/s/ Joshua R. Hanye</u>
Joshua R. Hanye

9