UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-00258-TFH |
| v. : | |
| : | |
| TROY SARGENT, : | |
| : | |
| Defendant. : | |

## UNITED STATES' RESPONSE TO
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Motion to Dismiss Indictment. (Dkt. 26.) The defendant claims that each count of the indictment fails to state an offense because it fails to include factual allegations. *Id.* This argument is meritless, and his motion should be denied.

### BACKGROUND

The defendant is charged by indictment with: (1) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); (3) Entering or Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (4) Disorderly or Disruptive Conduct in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(2); (5) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and (6) Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

The defendant traveled from Pittsfield, Massachusetts to Washington, D.C. to attend a rally on January 6, 2021. (Statement of Facts, Dkt. 1-1 at 5.) Thereafter, he joined the rioters at

the United States Capitol, where, with other rioters, he faced off against a line of police officers in riot gear. *Id.* at 6. At approximately 2:30 p.m., within U.S. Capitol grounds, the defendant moved forward from the front of the line and engaged with a U.S. Capitol Police officer in riot gear, appearing to make physical contact with that officer. *Id.* at 7-8. About thirty seconds later, the defendant again moved forward towards the line of officers, threw a punch with his right hand that ultimately struck another member of the crowd, and then retreated into the crowd. *Id.* at 6-7.

## ARGUMENT

The defendant argues that the indictment "makes no factual allegations and the omissions are fatal because a bill of particulars cannot save an invalid indictment." (Dkt. 26 at 3.) According to the defendant, the indictment "alleges statutory language for each count," but omits factual allegations which "thwart [the defendant's] ability to defend against the indictment and to avoid being twice placed in jeopardy for the same offense." *Id.* at 5.[1] He claims, for instance, that without more information he cannot "argue pretrial that the statute is unconstitutionally vague as applied to him or that it overburdens his free speech or association rights." *Id.* at 6. Likewise, he claims that he cannot mount a defense in other ways, such as by assessing whether Count One involves a federally protected function, or whether the officer in Count Two was an officer of the United States, engaged in the performance of an official duty. *Id.* at 6-7.

The defendant misunderstands the purpose of an indictment and the low bar an indictment must clear to satisfy the federal rules and Constitution. As the D.C. Circuit explained in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), "[a]lthough an indictment must – in order to

---

[1] The defendant also asserts that "the omissions would permit the government to obtain convictions based on facts or evidence not presented to the grand jury." He does not elaborate on this point, however, nor does he cite any law to support it.

2

fulfill constitutional requirements – apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id.* at 124. Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Id.* at 108; *Haldeman*, 559 F.2d at 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case where "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)).

Applying these principles, courts in this District have upheld the sufficiency of indictments far less specific than the defendant's. For example, in *United States v. Apodaca*, 275 F. Supp. 3d 123 (D.D.C. 2017), the defendants were charged with offenses under 18 U.S.C. § 924(c). The indictment provided only "general detail as to the places where the offenses were committed: namely, Mexico and the United States." *Id.* at 154. As to the "when" of the offenses, the indictments alleged that the offenses had occurred over a two- and nine-year period. *Id.* Finally,

the indictments "d[id] not specify a particular weapon that was possessed," or "specify whether the firearms were 'used, carried or brandished'" under the statute. *Id.* Nonetheless, the indictments were sufficient. *Id.* at 153-54.

Here, the defendant does not dispute that all the elements of each offense are properly alleged in the indictment, which by itself identifies the criminal conduct with which he is charged. And the indictment provides sufficient information to fairly inform the defendant of those offenses. The defendant knows the exact day on which the alleged crimes occurred: January 6, 2021, which is alleged in all counts. (Dkt. 11.) He knows that all charged conduct occurred in this District, from the indictment's allegation. *Id.* Counts One and Two relate specifically to an existing civil disorder and to a law enforcement officer. Counts Three through Six specifically refer to conduct on U.S. Capitol grounds, further narrowing the "where" of the charged crimes. Counts Three through Five additionally specify that the conduct occurred "where the Vice President and Vice President-elect were temporarily visiting" on January 6, 2021. And the statutes charged are not so unusually vague that they require allegations beyond the elements of the offenses.[2]

The defendant complains that the indictment does not explain *how* his conduct obstructed or impeded law enforcement, who he obstructed, what federally protected function they were carrying out, or whether they were an officer or employee of the United States. (Dkt. 26 at 6.) But the defendant's "complaint seems to result . . . from a general misunderstanding of the purpose of

---

[2] Additionally, the Complaint—which is publicly filed (and therefore accessible to the defendant), and which charged the same offenses later brought in the Indictment—describes the defendant's conduct in detail. (Dkt. 1-1 at 6-9.) In fact, it contains screen shots from body-worn camera, worn by a member of the Metropolitan Police Department, which depict the defendant's conduct. *Id.* Those screen shots even include time stamps which identify the specific times of the defendant's offenses. *Id.* This body-worn-camera footage has been provided to the defendant in discovery. It shows that he assaulted, resisted, or impeded a member of the United States Capitol Police. The government has also disclosed to the defendant that members of the United States Capitol Police were not equipped with body-worn camera on January 6, 2021.

the indictment and, especially, from an inflated notion of what must be included therein." *Haldeman*, 559 F.2d at 124. As the D.C. Circuit concisely explained in rejecting an identical argument in *Verrusio*:

> Verrusio contends that Count Two of the indictment failed to allege an official act because it failed to say "how Mr. Verrusio was going to use his position" to help United Rentals . . . . The indictment certainly need not allege precisely how Verrusio contemplated [committing the crime]. Would he do it by himself or ask someone else to do it? Would that someone else be Colonel Mustard or Professor Plum? With a candlestick or a rope, in the library or the study? Answering those questions is not required at the indictment stage.

762 F.3d at 14–15; *see also United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018) (affirming denial of a motion to dismiss a count charging the defendant with making a threat against a federal law enforcement officer "with intent to retaliate against such . . . officer on account of the performance of official duties," 18 U.S.C. § 115(a)(1)(B), because the "statute speaks in terms of a threat made 'on account of the performance of official duties,' not to draw attention to a particular official duty, but instead to assure that the threat generally relates to the officer's performance of official duties rather than to a personal dispute having nothing to do with the officer's job functions"). The defendant's specificity argument fails.

The defendant relies on *United States v. Hillie*, 227 F. Supp. 3d 57 (D.D. C. 2017), to argue that the indictment here is deficient. But the challenged indictment in *Hillie* only broadly stated the date of the offenses as "periods of time that span two to three years," the location of the offenses as "the District of Columbia," and was "devoid of any facts regarding the circumstances of Hillie's behavior" that led to the charges. *Id.* at 71-72. Indeed, the court in *Hillie* found it especially problematic that the government charged violations of the same statute in overlapping, multi-year periods, such that "one cannot tell whether the charges relate to distinguishable or separate offenses . . . and, indeed, it is not clear that these counts even reference *different* acts on the Defendant's part." *Id.* at 73. Here, there is no such problem. As noted above, the indictment tracks the statute,

5

specifies the date of the offenses, ("January 6, 2021"), and specifies their precise location ("in the United States Capitol"). *See Resendiz-Ponce*, 549 U.S. at 108 (2007) (upholding sufficiency of indictment that echoed statute while specifying time and place of the offense and identity of the threatened officer); *Williamson*, 903 F.3d at 131 (same). The defendant is in no way uncertain about what conduct "allegedly constitut[es] the offense." *Hillie*, 2127 F. Supp. 3d at 76. And he is in no way unable to prepare a defense or invoke double jeopardy if he were prosecuted again for the same conduct.

The defendant's claim (at 6-7) that he is unable to assess whether to challenge various aspects of this prosecution—for example, whether the federally protected functions occurring on January 6, 2021, met the statutory definition of the term—by merely looking at the indictment fails. As an initial matter, as the defendant concedes (at 3), the allegations made in the indictment are assumed true when challenging the validity of the indictment. As a result, whether the events of January 6, 2021, were federally protected functions is not at issue in this motion.

As for subsequent challenges, it is not clear why the defendant believes himself limited to the text of the indictment when deciding whether to challenge aspects of his prosecution. *See United States v. Howard*, 2021 WL 3856290 at *2, *4-5 (E.D. Wis. Aug. 30, 2021) (defendant raised both challenges to sufficiency of the indictment under 18 U.S.C. § 231(a)(3) and constitutional challenges to the statute in part because the government had provided discovery in the case, thus apprising the defendant "of the nature of the government's allegations"). Here, the defendant has been provided with significant discovery, including descriptions of the federally protected functions occurring at the U.S. Capitol and video footage of his conduct. He thus cannot claim that he is, for example, "unable to assess whether the person [that Sargent assaulted during

6

the riot] was an officer lawfully engaged in official duties." (Dkt. 26 at 6.). The answer is apparent from the discovery.

## CONCLUSION

For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

*/s/ Michael J. Romano*
MICHAEL J. ROMANO
Trial Attorney / Detailee
IL Bar No. 6293658
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-6691
michael.romano@usdoj.gov

*/s/ Daniel Honold*
DANIEL HONOLD
Assistant United States Attorney
NY Bar No. 5406715
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6898
daniel.honold@usdoj.gov