UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Criminal No. 21-CR-00258-TFH |
| | : | |
| TROY SARGENT, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S REPLY TO THE
GOVERNMENT'S OPPOSITION TO HIS MOTION TO DISMISS

Defendant, Troy Sargent, submits his reply to the government's opposition to his motion to dismiss. (D.E. 28, Gov. Opp., hereafter.) Mr. Sargent has moved to dismiss the six-count indictment against him because it fails to state the offenses alleged; a violation of the Fifth and Sixth Amendments and Rule 7(c)(1) of the federal rules of criminal procedure. He maintains that position in reply.[1]

Analysis

The disagreement concerns how bare-bones an indictment can be before it is deemed insufficient. Count Two alleged assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer without even naming which officer was assaulted and without saying what Mr. Sargent did that amounted to an assault. The same is true for Count One, the civil disorder

---

[1] Mr. Sargent's reply focuses mainly on Counts One, Two, and Four. Although not restated in this reply, he maintains his initial arguments that Counts Three, Five, and Six should also be dismissed.

allegation. It alleges obstructing, impeding, or interfering with an officer without saying which officer was obstructed and without saying what Mr. Sargent did to obstruct, impede, or interfere. The government's opposition offers no valid rejoinder to this factual premise. Instead, the government believes Mr. Sargent misunderstands the purpose of an indictment. (Gov. Opp. at 2.) Mr. Sargent recognizes that an indictment need not be elaborate; but even under the "more simplified rules of modern pleading," Kinoy v. District of Columbia, 44 F.2d 761, 770-71 (D.C. Cir. 1968), the document must satisfy Rule 7(c)(1) and be constitutionally sufficient. As explained below, this indictment is not.

An indictment that alleges assaulting or obstructing an unnamed officer by unstated means is not sufficient. In United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970), the Court of Appeals for the First Circuit dismissed an indictment that "accused [the defendant] of making threats by an unstated means to an unnamed person on a particular day in a city of moderate size."

The Court of Appeals for the D.C. Circuit came to a similar conclusion United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976), holding that an indictment "following the generic wording of a statute" but lacking "any [factual] allegation whatsoever" is "fatally defective". The result in Nance followed from United States v. Thomas, another D.C. Circuit decision that noted an indictment that "describes the offense only in impermissibly broad and categorical terms" drawn from the statute fails to "achieve the requisite degree of precision" demanded by the constitution. 444 F.2d 919, 922 (D.C.

Cir. 1971). The result in Thomas rested upon Hunter, where the indictment alleged that defendants had "congregate[d] and assemble[d] on Pennsylvania avenue, N.W., [and] did then and there crowd, obstruct, and incommode the free use of the sidewalk," but did not allege "the nature of the acts which [were] relied upon by the prosecution as constituting the alleged obstruction of the sidewalk …" Hunter v. United States, 47 App.D.C. 406 (D.C. Cir. 1918).

Judge Jackson relied on the above cases in Hillie when she dismissed seven counts of an indictment that "d[id] not include any allegations of fact that would enable the Court to ascertain the precise conduct of Hillie's that the government believes constitutes production and possession of child pornography." United States v. Hille, 227 F. Supp. 3d 57, 74 (D.D.C. Jan. 5, 2017).

Even more recently in this district, Judge Boasberg ordered the government to produce a bill of particulars in another of the January 6, 2021, Capitol cases because the defendant could not adequately prepare a defense to charges that almost mirror those here. United States v. Mostofsky, 2021 WL 3168501 (D.D.C. July 27, 2021).

The government tries to distinguish Hillie and the other case above, but its argument is not persuasive. (Gov. Opp. at 5-6.) Judge Jackson acknowledged, as does Mr. Sargent, that "there are certain criminal offenses in which the statutory text is worded so narrowly that a statement of the elements provides the defendant with sufficient notice of the acts …" Hillie, 227 F. Supp. 3d at 74. The statutory texts used for Counts One, Two, and Four are not

worded narrowly; they are broadly and vaguely worded. Actually—or attempting to—assault, resist, oppose, impede, intimidate, or interfere with an officer is broad and vague like the text in Hillie, which involved "employment, use, persuasion, inducement, enticement, and coercion." It is also broad and vague like the language in Hunter, where the text was "congregated and assembled … [and] did then and there crowd, obstruct, and incommode the free use of the sidewalk …"[2] The broad and vague language in Mr. Sargent's indictment distinguishes it from the indictments in United States v. Williamson, 903 F.3d 124, 130-31 (D.C. Cir. 2018) (alleging the defendant threatened to assault or murder Special agent Brian Schmitt found sufficient), and United States v. Apodaca, 275 F. Supp. 3d 123, 762 (D.D.C. 2017) (no need to identify the type of weapon possessed when alleging a defendant used, carried and brandished a firearm during and in relation to a drug trafficking crime.)

The other cases relied upon by the government are also inapposite. The court in Haldeman upheld convictions because that indictment did what this indictment failed to: it stated the elements of the offense using statutory text, and it "provide[d] particulars of the alleged offense, including the instruments of justice obstructed and the means employed." United States v. Haldeman, 559 F.2d 31, 124 & n.250 (D.C. Cir. 1976).[3] An inquiry into the factual

---

[2] The text used in Count Four—impeding and disrupting the orderly conduct of Government by engaging in disorderly and disruptive conduct—is also broad and vague.

[3] According to the indictment in Haldeman, the defendants obstructed justice by "making cash payments and offers of other benefits to and for the benefit of the defendants in Criminal Case No. 1827-72 in the United States District Court for the District of Columbia, and to others,

4

particulars contained within the Verrusio indictment ends the same way: "[The defendant] did accept a trip to Game One of the 2003 Baseball World Series in New York City for and because of his official assistance provided and to be provided to [his company's] efforts to secure favorable amendments to the Federal Highway Bill[.]") United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014). By contrast, the indictment here provides no particulars and no means.

The cases advanced by the government support rather than harm Mr. Sargent's position, and the indictment should be dismissed for failing to give Sixth Amendment notice.

The Fifth Amendment also stands in the way of this indictment. In a footnote (Gov. Opp. at 2), the government complains that Mr. Sargent did not elaborate upon, or cite any law to support, his Fifth Amendment argument. The government's position should not be credited because Mr. Sargent made his argument and supported it with precedent. (Motion at 1; at 3; at 5 (citing Stirone v. United States, 361 U.S. 212, 218 (1960); United States v. Walsh, 194 F.3d 37, 44 (2nd Cir. 1999); United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir. 1979); and Hillie, 227 F. Supp. 3d at 82).) As the D.C. Circuit said in Thomas, and as Judge Jackson underscored in Hilllie, "to permit the omission [of a material fact] to be cured by a bill of particulars would be to allow the grand jury to indict with one crime in mind and to allow the U.S. Attorney to

---

both prior to and subsequent to the return of the indictment on September 15, 1972, for the purpose of concealing and causing to be concealed the identities of the persons who were responsible for, participated in, and had knowledge of the activities which were the subject of the investigation and trial, and by other means." Haldeman, 559 F.2d at 119 & n.250.

prosecute by producing evidence of a different crime; which would, in essence, usurp the function of the grand jury ... and, in many cases, would violate due process by failing to give the accused fair notice of the charge he must meet." Hillie, 227 F. Supp. 3d at 81 (citing and quoting Thomas, 444 F.2d at 922–23, internal citations and quotations omitted); United States v. Walsh, 194 F.3d 37, 44 (2nd Cir. 1999) ("The Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.").

The government relies on Howard, an unreported case from the Eastern District of Wisconsin. Howard does not help the government. The defendant there successfully challenged the initial indictment because it gave "next to no details aside from a general date, general area, and the statute the defendant was accused of violating." United States v. Howard, No. 21-CR-28-PP, 2021 WL 3856290, at *5-6 (E.D. Wis. Aug. 30, 2021). The second superseding indictment provided more particular allegations and thereafter the defendant waived his sufficiency challenges. Id. at *6. In many ways, Howard makes Mr. Sargent's point.

The government seems to understand that the indictment here is insufficient. It began defending against Mr. Sargent's motion to dismiss by detailing background facts not contained in the indictment. (Gov. Opp. at 1-2 ("Background").) The government continued to rely on un-indicted facts in its analysis. (Gov. Opp. at 4 & n.2.) By reaching outside the indictment for the

6

facts needed to support its position, the government tacitly admits the indictment's insufficiency. It does not matter, as the government says, that the *complaint* is publicly filed or that they have produced tremendous amounts of discovery. (Gov. Opp. at 4 & n.2.) The facts needed to justify the charges are not in the *indictment*. We are limited to reviewing the *face* of the *indictment*. United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001); United States v. Ring, 628 F. Supp. 2d 195, 204 (D.D.C. 2009); (Motion at 4.) The reason we are limited to the face of the indictment is, in-part, the Fifth Amendment's grand jury requirement and its prohibition on double jeopardy. See Walsh, 194 F.3d 37, 44 (2nd Cir. 1999); also Thomas, 444 F.2d at 922–23.

In the end, the indictment alleged six crimes with Counts One, Two, and Four being similar to each other, and Counts Three, Five, and Six being similar to each other. Without factual allegations in the indictment, Mr. Sargent cannot ascertain what conduct is alleged with respect to what count. Moreover, whatever conduct underlies each count, the government's case at trial must be founded upon the conduct indicted by the grand jury. Neither Mr. Sargent nor the Court can ensure the requisite consistency when the indictment includes only vague and broadly worded statutory text with no factual allegations. Finally, Count Two alleged that Mr. Sargent forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an unnamed officer by unspecified means. That crime is only a felony where the defendant makes physical contact or where the defendant committed the forcible assault while intending to commit another felony. 18 U.S.C. § 111(a). The indictment alleged

no facts amounting to an assault, let alone physical contact. Nor did the indictment specify what other felony Mr. Sargent intended to commit. Mostofsky, 2021 WL 3168501 at *3 (saying "it seems puzzling that the government refuses to state which other felony offense it is claiming supports [the 18 U.S.C. § 111] felony charge" and holding the defendant "is entitled to know" that information in advance).

## Conclusion

For the reasons stated above, all six counts of the indictment naming Mr. Sargent as defendant should be dismissed for failure to state offenses.

TROY SARGENT
By his attorneys,

/s/ Joshua R. Hanye
Joshua R. Hanye
MA B.B.O. No. 661686
Joshua_Hanye@fd.org

Wade Zolynski
MT Bar No. 6088
Wade_Zolynski@fd.org

Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

Certificate of Service

    I hereby certify that this document was sent electronically to those registered through ECF on November 10, 2021.

*/s/ Joshua R. Hanye*
Joshua R. Hanye
