UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:21-cr-258-TFH |
| v. : | |
| : | |
| TROY SARGENT, : | |
| : | |
| Defendant. : | |

**SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through its undersigned counsel, hereby files this Supplemental Response to the defendant's Motion to Dismiss. At a hearing on February 18, 2022, the Court requested supplemental briefing addressing *United States v. Phomma*, --- F. Supp. 3d ---, No. 3:20-cr-00465-JO, 2021 U.S. Dist. LEXIS 175489 (D. Or., Sept. 15, 2021) (upholding a similar indictment as sufficient) and *United States v. Pugh*, No. 1:21-cr-00073-TFM, 2021 U.S. Dist. LEXIS 177266 (S.D. Al. May 13, 2021) (finding that a similar indictment was insufficient). This Court should follow the decision in *Phomma*, which is consistent with the Constitution and the Federal Rules of Criminal Procedure, and not *Pugh*, which is not.

In *Phomma*, the district court rejected a sufficiency challenge to an indictment that is similar to the indictment here. Like the indictment in this case, the *Phomma* indictment alleged that the offense was committed on or about a specific date (there, August 26, 2020), and that the offense was committed in a specific district (there, the District of Oregon). *Phomma*, 2021 U.S. Dist. LEXIS 175489 at *18. The court found that although the indictment "[did] not allege the specific facts of the defendant's conduct," it "track[ed] the wording of the statute." *Id.* at *20. This was enough for the indictment to survive a sufficiency challenge because that statutory wording "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (quoting *Hamling v. United States*,

418 U.S. 87, 117 (1974)). Indeed, as the court noted, "bare-bones" charging instruments, which merely recite the statutory language, are "common" and "entirely permissible" in such circumstances. *Id.* (citing *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)).

In contrast, in *Pugh*, the district court reasoned that the original indictment was insufficient.[1] 2021 U.S. Dist LEXIS 177266 at *25-30. Similar to the indictment in *Phomma* and here, the original indictment in *Pugh* tracked the statutory language in Section 231. *Id.* at 26-27. Nonetheless the court in *Pugh* found that original indictment insufficient because it alleged only that the defendant "did something" to violate the statute "at some unspecified place and generalized range of days/time." *Id.* at 28.

The unpublished, out-of-circuit decision in *Pugh* is incorrect in multiple respects. First, it inaccurately describes the indictment's Section 231(a)(3) allegation—an allegation that closely parallels the Section 231(a)(3) charge found in Count One in this case. For example, the *Pugh* court's suggestion that the oft-used phrase "on or about" "expands" the allegation to encompass a "generalized range of days/time" finds no support in law or common sense. *Cf. United States v. Resendiz-Ponce*, 549 U.S. 102, 105, 108-11 (2007) (finding sufficient an indictment that tracked the relevant statutory language and used the phrase "on or about"). Similarly, no case that the *Pugh* court cited (or of which the government is aware) has concluded that an indictment's sole geographic reference to the judicial district in which the crime allegedly amounts to an insufficient "unspecified place." Nor did the original indictment in *Pugh* (or Count One here) merely allege that the Pugh "did something"; it instead alleged that she committed or attempted to commit "an act to obstruct, impede, [or] interfere with" a law enforcement engaged in official duties during a

---

[1] The court nonetheless denied as moot the motion to dismiss challenging the sufficiency of the indictment because it found that the Superseding Indictment was sufficient. *Pugh*, 2021 U.S. Dist. LEXIS 177266, at *33-34.

2

civil disorder, which in turn adversely affected commerce. *Pugh* 2021 U.S. Dist LEXIS 177266 at *26-27; *cf.* Count One (making a similar allegation). Section 231(a)(3)'s statutory language alone incorporates considerable factual specificity.

Second, the decision in *Pugh* demands more than the Constitution and Rule 7 of the Federal Rules of Criminal Procedure require. An allegation is generally sufficient if it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see* ECF 38 at 3. Thus, the Supreme Court in *Resendiz-Ponce* concluded that "it was enough" for an indictment to "point to the relevant criminal statute"—an illegal re-entry offense—and allege that "on or about" a certain date, the defendant attempted to enter the United States near a certain location in the District of Arizona. 549 U.S. at 108 (cleaned up). Similarly, the D.C. Circuit upheld as sufficient an indictment alleging a threat against a federal officer that "echoe[d] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). Yet the *Pugh* court faulted the Section 231(a)(3) allegation in the original indictment because it lacked additional specific information not required under the Constitution or Rule 7. *See Pugh*, 2021 U.S. Dist LEXIS 177266 at *28 (noting the absence of "information" that "establishe[d]" (1) that a civil disorder existed at the time of the defendant's conduct, (2) the way in which the civil disorder adversely affected commerce; (3) that law enforcement officers were lawfully responding to the civil disorder; and (4) the "conduct or some other means to relay *exactly* what Pugh allegedly did") (emphasis added).

Although some cases involve a crime "that must be charged with greater specificity," *Resendiz-Ponce*, 549 U.S. at 190, this is not one of them. The paradigmatic example comes from *Russell v. United States*, 369 U.S. 759 (1962), where the defendant was charged under a statute

that makes it a crime for a witness called before a congressional committee to refuse to answer any question "pertinent to the question under inquiry." 2 U.S.C. § 192. The indictment's failure in *Russell* to identify the subject of the congressional hearing rendered it insufficient because "guilt" under that statute "depend[ed] so crucially upon such a specific identification of fact." *Russell*, 369 U.S. at 764. That feature is not present here because guilt under Section 231(a)(3)—or under any of the other charges that the defendant here faces—does not depend on any such "specific identification of fact." *See Resendiz-Ponce*, 549 U.S. at 110 (not applying *Russell* to the illegal re-entry statute at issue in that case because guilt did not turn upon "a specific identification of fact"); *Williamson*, 903 F.3d at 131 (not applying *Russell* to statute criminalizing threats against federal officers); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 153 n.17, 154-56 (D.D.C. 2017) (not applying *Russell* to statute criminalizing use of firearms in connection with drug trafficking crimes). The *Pugh* court's reasoning, if accepted, would require the approach in *Russell* for *every* indictment.

Third, the principal case on which the *Pugh* decision relies—*United States v. Johnson*, 981 F.3d 1171 (11th Cir. 2020)—is inapposite here, as it was in *Pugh* itself. *Johnson* considered the sufficiency of a count charging unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which held that Section 922(g)'s "knowingly" *mens rea* encompassed a defendant's knowledge of any status that made it unlawful for him to possess a firearm. *Rehaif*, 139 S. Ct. at 2194. The indictment at issue in *Johnson* tracked the statutory language but failed to allege that Johnson knew that he was a domestic-violence misdemeanant—which disqualified him from legally possessing a firearm. *Johnson*, 981 F.3d at 1179. The indictment therefore failed to "set forth all the *elements* necessary to constitute the offense intended to be punished." *Id.* (quoting

4

*Hamling*, 418 U.S. at 117) (emphasis added). The deficiency in *Johnson*—the indictment's failure to include an offense element—is not presented here (or in *Pugh*). The defendant here complains not that the indictment omits a necessary element of any offense but instead that the indictment should include more factual detail. Nothing in *Johnson* supports that claim.

      Finally, the court in *Pugh* failed to consider the proper channel to enable the defendant to obtain the information he seeks: a bill of particulars. To be sure, a "bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770. But a valid indictment—such as the indictment in this case—"can be clarified through a bill of particulars." *United States v. Hillie*, 227 F. Supp. 57, 81 (D.D.C. 2017). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Saffarinia*, 422 F. Supp. 3d 269, 273 (D.D.C. 2019) (citing *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)); *cf. United States v. Mostofsky*, No. CR 21-138 (JEB), 2021 WL 3168501, at *4 (D.D.C. July 27, 2021) (ordering a bill of particulars for a count alleging a violation of Section 231(a)(3)). The bill of particulars already filed in this case (ECF No. 44) provides the requisite detail and clarity the defendant has requested.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Michael J. Romano
MICHAEL J. ROMANO
Trial Attorney, Detailee
IL Bar No. 6293658
555 4th Street, N.W.
Washington, D.C. 20530
Telephone No. (202) 307-6691
michael.romano@usdoj.gov

/s/ Daniel Honold
DANIEL HONOLD
Assistant United States Attorney
NY Bar No. 5406715
555 4th Street, N.W.
Washington, D.C. 20530
Telephone No. (202) 252-6898
daniel.honold@usdoj.gov