**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA**

    v.

**TROY SARGENT,**

                **Defendant.**

**Case No.  21-cr-00258 (TFH)**

---

**MEMORANDUM OPINION**

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol to certify the vote count of the Electoral College. During those proceedings, a large crowd gathered outside the Capitol. Eventually, a large portion of the crowd forced their way inside the Capitol building, some breaking windows and assaulting law enforcement officers. Shortly after the rioters breached the building, members of Congress evacuated their chambers and suspended the joint session of Congress.

Defendant Troy Sargent is charged by Superseding Indictment with two felonies and four misdemeanors for his alleged participation in that violent mob. On November 22, 2021,  Mr. Sargent filed a motion to dismiss the Superseding Indictment, contending that it entirely "fail[s] to state an offense" and that it therefore "violates the Fifth and Sixth Amendments of the United States Constitution and Rule 7(c)(1) of the federal rules of criminal procedure." Mot. to Dismiss at 1 [ECF No. 37]. The government opposed the motion, asserting that it is meritless. Mem. in Opp'n at 1 [ECF No. 38]. Upon careful consideration of the parties' submissions, arguments of counsel at the February 2, 2022 motion hearing, and the applicable law, the Court denied the

defendant's motion by Order dated March 30, 2022 and explained that a memorandum opinion would be forthcoming. Order Denying Mot. to Dismiss [ECF 49]. This is that opinion.

The question the Court must answer at this stage is a narrow one: When viewed on its face and accepting the allegations as true, does the Superseding Indictment allege the elements of the charges sufficiently such that, if proven, a jury could find that Mr. Sargent committed the charged crimes? As set forth below, the Court concludes that the Superseding Indictment clears this low bar.

## I.    Background and Procedural History

The FBI received numerous tips that Mr. Sargent was among those who participated in the January 6, 2021 riot, including submissions of pictures that he had posted on social media during the day's events. *See* Statement of Facts at 2-8 [ECF No. 1-1]. On March 8, 2021, the government filed a Criminal Complaint accompanied by a Statement of Facts describing Mr. Sargent's alleged actions on January 6, 2021. *See* Complaint [ECF No. 1]; Statement of Facts. Mr. Sargent was arrested the following day, on March 9, 2021, *see* Arrest Warrant [ECF No. 5], and on March 26, 2021 a Grand Jury returned a six-count indictment against him, *see* Indictment [ECF No. 11]. On September 30, 2021, Mr. Sargent filed a motion to dismiss that Indictment [ECF No. 26], which the Court denied as moot when the government filed the Superseding Indictment at issue here on November 10, 2021. *See* Minute Order (Nov. 15, 2021); Superseding Indictment [ECF No. 32].

The Superseding Indictment charges Mr. Sargent with six offenses relating to his alleged conduct on January 6, 2021: **(1)** Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); **(2)** Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Count Two); **(3)** Entering and Remaining in a Restricted Building or Grounds, in

2

violation of 18 U.S.C. § 1752(a)(1) (Count Three); **(4)** Disorderly and Disruptive Conduct in a

Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Four); **(5)**

Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C.

§1752(a)(4) (Count Five); and **(6)** Act of Physical Violence in the Capitol Grounds or Buildings,

in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Six).  Superseding Indictment.

## II.    Legal Standard

A defendant may move to dismiss an indictment or count before trial. Fed. R. Crim. P.

12(b)(3)(B). When considering a motion to dismiss, the court "is limited to reviewing the *face* of

the indictment." *United States v. Sunia*, 643 F. Supp. 51, 60 (D.D.C. 2009) (quoting *United

States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)) (emphasis in original). "[T]he indictment

must be viewed as a whole and the allegations must be accepted as true at this stage of the

proceedings." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011).

Mr. Sargent moves to dismiss all six counts of the Superseding Indictment as (1)

insufficient under Federal Rule of Criminal Procedure 7(c)(1); and (2) constitutionally deficient

under the Fifth and Sixth Amendments. As to the former, Federal Rule of Criminal Procedure

7(c)(1) states, in relevant part, that "[t]he indictment or information must be a plain, concise, and

definite written statement of the essential facts constituting the offense charged and …[i]t need

not contain a formal introduction or conclusion." Fed. R. Crim. P. 7(c)(1).

As to the constitutional arguments, the Supreme Court has recognized that an indictment

is sufficient under the Fifth and Sixth Amendment if it "first, contains the elements of the offense

charged and fairly informs a defendant of the charge against which he must defend, and, second,

enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Further, "[i]t is generally sufficient

that an indictment set forth the offence in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id*. (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). However, "[w]here guilt depends so crucially upon such a specific identification of fact…an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962).

Ultimately, the core question for this Court is "whether the allegations [in the indictment], if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp. 2d at 146. The Court answers this question in the affirmative for all six counts of the Superseding Indictment.

## III.   Analysis

To pass constitutional muster, an indictment need only set forth the elements of the charged offense so as to both fairly inform a defendant of the charge against which he must defend, and enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling*, 418 U.S. at 117. Here, every element of this test is met, and all counts of the Superseding Indictment are constitutionally sufficient.

### A.   <u>Count One: Civil Disorder (18 U.S.C. § 231(a)(3))</u>

#### i)   <u>Statutory and Charging Language</u>

Count One charges a violation of 18 U.S.C. § 231(a)(3), which provides:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or the performance of any federally protected function—
>
> Shall be fined under this title or imprisoned not more than five years, or both.

4

18 U.S.C. § 231(a)(3).

The Superseding Indictment states:

On or about January 6, 2021, within the District of Columbia, TROY SARGENT committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Superseding Indictment at 1-2.

### ii) Count One Is Constitutional

Count One adds little to the statute's plain language, save for clarifying that Mr. Sargent obstructed, impeded and interfered with a law enforcement officer, rather than fireman, and changing an article from "or" to "and." *Id.*; *see* 18 U.S.C. § 231(a)(3). But the bare-bones nature of the Superseding Indictment does not necessarily doom it to fail.

### (1) Count One Sets Forth Every Element of the Charged Offense

*First*, it is undisputed that Count One of the Superseding Indictment, by adopting the language of the statute, properly sets forth every element of 18 U.S.C. § 231(a)(3). *See* Mot. to Dismiss at 4. As the D.C. Circuit has held, "[t]he validity of alleging the elements of an offense in the language of the statute is, of course, well established." *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976).

### (2) Count One Informs the Defendant of the Charge Against Which He Must Defend

*Second*, even without additional facts, Count One also fairly informs the defendant of the charge against which he must defend. Contrary to the defendant's assertion that an "indictment must generally allege elements together with factual allegations," no factual allegations are required when the statutory language itself allows the defendant to prepare a defense to the

charge. *See* Mot. to Dismiss at 5; *Haldeman* 559 F.3d at 123 (recognizing that "appris[ing] the accused of the charges against him so that he may adequately prepare his defense" is a "central purpose[]" of the indictment). The key question is not whether the indictment contains factual allegations but rather if the allegations contained within the indictment, "if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp. 2d at 146.

The defendant's argument that allegations of fact indicating "what [he] did to obstruct, impede, or interfere," and "who [he] obstructed, impeded, or interfered with" are needed for him to meet the government's case and defend himself is unavailing. Mot. to Dismiss at 6. The Superseding Indictment provides sufficient detail. It specifies that Mr. Sargent's "act" occurred during a civil disorder, defined by statute as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).[1] And another court in this district, addressing an almost identical indictment (albeit not on a sufficiency challenge) found that "[t]he words 'any act' imply that the statute is directed towards conduct, not speech." *United States v. Fischer,* No. 21-CR-00234 (CJN), 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (quoting *United States v. Phomma*, No. 20-CR-00465-JO, 2021 WL 4199961, at *5 (D. Or. Sept. 15, 2021)). These allegations are detailed enough that, if proven, a

---

[1]     In support of his argument that the government was obligated to provide a description of the alleged "act," the defendant cites *United States v. Mostofsky,* No. 21-CR-00138 (JEB), 2021 WL 3168501, at *6 (D.D.C. July 27, 2021), in which the court granted the defendant's Motion for a Bill of Particulars and ordered the government to provide additional facts about the "act" charged. That decision had no bearing on the sufficiency of the indictment.  *See also United States v. Nordean*, No. 21-CR-00175 (TJK), 2021 WL 6134595, at *20 (D.D.C. Dec. 28, 2021) (citing *United States v. Brantley*, 461 F. App'x 849, 852 (11th Cir. 2012) ("The sufficiency of the indictment was also not undermined by the filing of a more detailed bill of particulars.")).

jury could find that the defendant committed Civil Disorder as charged in Count One. *See Bowdoin*, 770 F. Supp. 2d. at 146.

For the same reasons, the Court rejects Mr. Sargent's contention that failing to identify his exact conduct prevents him from "argu[ing] pretrial that the statute is unconstitutionally vague as applied to him or that it overburdens his free speech or association rights." *See* Mot. to Dismiss at 7. Defendant's arguments may not be likely to succeed, but by no means is he prevented from making them. Indeed, other defendants facing the identical charge have unsuccessfully challenged 18 U.S.C. § 231(a) on vagueness and overbreadth grounds. *See Fischer*, 2022 WL 782413 at *4 (rejecting void for vagueness and overbreadth challenges to § 231(a)); *see also United States v. Mostofsky*, No. 21-CR-00138 (JEB), 2021 WL 6049891, at *8 (D.D.C. Dec. 21, 2021) (rejecting overbreadth challenge to § 231(a)(3)); *Nordean*, 2021 WL 6134595, at *16-18 (holding that § 231(a)(3) is neither vague nor overbroad); *United States v. McHugh*, No. 21-CR-00453 (JDB), 2022 WL 296304, at *13 (D.D.C. Feb. 1, 2022) (same). Making an "as applied" challenge to Count One is not a meaningful distinction in this circumstance. As other courts in this district have interpreted the statutory language, Count One charges Mr. Sargent with engaging in "conduct," not speech, during an assembly "that must involve acts of violence and either cause or immediately threaten bodily injury or property damage." *Fischer*, 2022 WL 782413, at *4 (internal quotations omitted); 18 U.S.C. § 232(1); *see also McHugh*, 2022 WL 296304, at *17. The statute and Superseding Indictment simply do not proscribe lawfully protected speech or activities, and assuming the truth of Count One, any vagueness or overbreadth challenges are destined for failure.

Nor is the government's failure to identify the specific law enforcement officer Mr. Sargent "obstructed, impeded, or interfered with" fatal to the Superseding Indictment. *See* Mot.

to Dismiss at 6. Count One specifies that Mr. Sargent obstructed, impeded, or interfered with "a law enforcement officer," rather than repeating the statutory language of "any fireman or law enforcement officer." *See* Superseding Indictment at 1-2; 18 U.S.C. § 231(a)(3). The Superseding Indictment does not charge Mr. Sargent with "obstructing, impeding, or interfering with" a generic "unnamed person," which, as the defendant correctly points out, *would* be insufficient. *See* Def.'s Reply at 2 (citing *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970)). In order to prove Mr. Sargent's guilt on Count One, the government need not prove the individual identity of the law enforcement officer, but rather that the person Mr. Sargent obstructed, impeded, or interfered with *is* a law enforcement officer – exactly what the Superseding Indictment alleges. *See* Superseding Indictment at 1-2; *Russell*, 369 U.S. at 764 (holding only "[w]here guilt depends so crucially upon such a specific identification of fact" must an indictment "do more than simply repeat the language of the criminal statute").

The same logic holds true for the defendant's argument that Count One's failure to "specify what federally protected function or what article or commodity was obstructed delayed, or adversely affected" renders it insufficient.[2] Mot. to Dismiss at 7. Mr. Sargent's guilt does not hinge on *which* federally protected function the government references, but that it *is* a federally protected function. *See Russell*, 369 U.S. at 764. Assuming the truth of the allegations, as this Court must do at this stage of the proceedings, *see Bowdoin*, 770 F. Supp. 2d at 145, the Superseding Indictment's "federally protected function" language is sufficient without further detail. Moreover, the Court notes that Count One does contain both a specific date, January 6, 2021, and a location, the District of Columbia, and to feign ignorance to which federally

---

[2]     "[F]ederally protected function" is defined as "any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof . . . ." 18 U.S.C. § 232(3).

protected function the Superseding Indictment refers would stretch the limits of common sense.

Superseding Indictment at 1-2.

Nor does the government need to specify whether Mr. Sargent "obstructed, delayed, or adversely affected…" a federally protected function *or* an article and commodity in commerce.

Superseding Indictment at 1-2; *see* Mot. to Dismiss at 7. As the D.C. Circuit has held,

> it is well established that if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charge make proof of any one or more of the acts, proof of one alone, however, being sufficient to support a conviction.

*United States v. Brown*, 504 F.3d 99, 104 (D.C. Cir. 2007) (internal quotations omitted).

This Court is aware of only two cases addressing indictments similar to the one at issue: *United States v. Phomma*, No. 20-CR-00465-JO, 2021 WL 4199961, at *1 (D. Or. Sept. 15, 2021, and *United States v. Pugh*, No. 21-CR-00073 (TFM), 2021 U.S. Dist. LEXIS 177266 (S.D. Ala. May 13, 2021).[3] The Court ordered the parties to address both cases in supplemental briefing. *See* Gov.'s Supp. Resp. [ECF No. 46]; Def.'s Supp. Mem. [ECF No. 47]. In both cases, the Grand Jury returned similarly bare-bones indictments; including only language closely

---

[3]     That this case is remotely close speaks more to the relative robustness of other 18 U.S.C § 231(a)(1) indictments than it does to any deficiencies in the Superseding Indictment here. Most district courts facing similar motions to dismiss have examined indictments with abundant factual allegations and rejected challenges to them. *See Nordean*, 2021 WL 6134595, at *1, *16 (where the indictment alleged the defendant "charged towards the Capitol by crossing over the barriers that had been violently disassembled," "shook a metal barricade," and "entered and remained in the Capitol"); *United States v. Wood*, No. 20-CR-56 (MN), 2021 WL 3048448, at *1 (D. Del. July 20, 2021) (where the indictment alleged that the defendant "caused damage to a police officer's vehicle by throwing a hard projectile through the back window"); *United States v. Rupert*, No. 20-CR-104 (NEB/TNL), 2021 WL 942101, at *8 (D. Minn. Mar. 12, 2021) (where the indictment alleged the defendant "hand[ed] out explosive devices and encourage[ed] others to throw those devices"). Other similar challenges have been rendered moot when the government filed a superseding indictment with more facts. *See United States v. Howard*, No. 21-CR-28 (PP), 2021 WL 3856290, at *5 (E.D. Wis. Aug. 30, 2021).

mirroring 18 U.S.C. § 231(a)(1), and the date and location of the offense. *See Phomma*, 2021 WL 4199961, at *1; *Pugh*, 2021 U.S. Dist. LEXIS 177266, at *2-3. The *Phomma* court upheld the indictment, while the *Pugh* court stated, in dicta, that it would have found the indictment insufficient had the issue not been rendered moot by the return of a superseding indictment. *Phomma*, 2021 WL 4199961, at *6-7; *Pugh*, 2021 U.S. Dist. LEXIS 177266, at *19-20.

The Court finds the reasoning of *Phomma* more instructive here. Unlike in *Pugh,* where the court's discussion of the indictment's language was rendered dicta by the return of a superseding indictment, the *Phomma* court addressed a live issue. *See id.* Further, as the government points out, the discussion in *Pugh* rests on a misunderstanding of the law. *See* Gov.'s Supp. Resp. at 2-3. The *Pugh* court suggested that adding the phrase "on or about" before the date referenced in the indictment (the same phrase used to refer to the date throughout the Superseding Indictment here) "expands" the allegation to include "a generalized range of days/time." *See Pugh*, 2021 U.S. Dist. LEXIS 177266, at *20. This conclusion directly conflicts with the Supreme Court's ruling in *United States v. Resendiz-Ponce* that an indictment alleging a violation "on or about" a date provides "adequate notice" and does not render an otherwise valid indictment insufficient. 549 U.S. 102, 108 (2007). The *Pugh* court similarly incorrectly determined that providing the location of the offense as the district of where it occurred was equivalent to alleging an "unspecified place" that renders an indictment insufficient.  *Pugh*, 2021 U.S. Dist. LEXIS 177266, at *20; *cf. Beard v. United States*, 82 F.2d 837, 840 (D.C. Cir. 1936) (holding that an indictment charging an offense as occurring in the District of Columbia "was sufficient as to location").

The *Phomma* court found that an indictment closely mirroring the language of 18 U.S.C. § 231(a)(1), along with the date and location of the alleged offense, was sufficient under the Fifth

and Sixth Amendments. There, as here, the words of the statute coupled with relevant specifying information "fully, directly, and expressly…set forth all the elements necessary to constitute the offense intended to be punished." *See Phomma*, 2021 WL 4199961, at *7 (quoting *Hamling*, 418 U.S. at 117).

### (3) Count One Sufficiently Protects Against Double Jeopardy Concerns

*Third*, Count One enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling*, 418 U.S. at 117. As the D.C. Circuit has noted, to protect against double jeopardy, "an indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Haldeman*, 559 F.2d at 124 n.262. Here, Count One states, "[o]n or about January 6, 2021, within the District of Columbia, Troy Sargent…" and then largely mirrors the language of 18 U.S.C. § 231(a)(3). Superseding Indictment at 1-2. Under Supreme Court and D.C. Circuit precedent, the date "on or about January 6, 2021" and the location "District of Columbia" meet the requirements for a sufficient indictment. *See Resendiz-Ponce*, 549 U.S. at 108; *Beard*, 82 F.2d at 840.

The Superseding Indictment's specific date and location stand in stark contrast to the cases cited by the defendant raising Fifth Amendment concerns. Unlike in *United States v. Cecil*, where the court found that the indictment did not protect against the potential of double jeopardy, the conduct here is not alleged to have taken place in such a large geographical region as "Arizona, Mexico, and elsewhere," but rather specifies that the alleged conduct took place within the District of Columbia – a 68 square-mile federal district. *See* 608 F.2d 1294, 1297 (9th Cir. 1979) (cited in Mot. to Dismiss at 6; Def.'s Reply at 5); Superseding Indictment at 1. Nor does the Superseding Indictment allege a series of identically worded counts taking place over

interlapping time periods of two to three years. *See United States v. Hillie*, 227 F. Supp. 3d 57, 72 (D.D.C. 2017) (where the court found that the indeterminate time period and overlapping charges violated defendant's Fifth Amendment protections) (cited by the defendant *in passim*). Here, all counts of the Superseding Indictment are factually distinct and contain a specific date, ensuring that Mr. Sargent does not face the possibility of being charged again for the same crime in the future. *See* Superseding Indictment.

For the reasons stated above, the Court finds that Count One fulfills all constitutional requirements and is thus sufficient.

**B.  Count Two: Assaulting, Impeding, Resisting Officers of the U.S. (18 U.S.C. § 111(a)(1))**

**i)  Statutory and Charging Language**

Mr. Sargent raises similar challenges to Count Two, arguing that the Superseding Indictment omits necessary factual detail. *See* Mot. to Dismiss at 8. Count Two charges a violation of 18 U.S.C. § 111(a)(1), which states:

> Whoever —forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [officer or employee of the United States] while engaged in or on account of the performance of official duties…
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a)(1).

The Superseding Indictment states:

> On or about January 6, 2021, within the District of Columbia, TROY SARGENT did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), while such person was engaged in and on account of the performance of official duties, and where the

acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Superseding Indictment at 2.

### ii) Count Two Is Constitutional

Like Count One, Count Two mirrors the language of the statute, only adding the date and location of the offense and specifying that the felony enhancement comes from both "physical contact with the victim and the intent to commit another felony." *Id.* Also like Count One, despite the lack of detail, Count Two is sufficient under the federal criminal rules and the Constitution.

### (1) Count Two Sets Forth Every Element of the Charged Offense

*First*, it is again undisputed that Count Two of the Superseding Indictment, by adopting the language of the statute, properly sets forth every element of 18 U.S.C. § 111(a)(1). *See* Mot. to Dismiss at 4; *Haldeman*, 559 F.2d at 123.

### (2) Count Two Informs the Defendant of the Charge Against Which He Must Defend

*Second*, Count Two contains all facts necessary for a jury to find defendant violated 18 U.S.C. § 111(a)(1), sufficiently informing Mr. Sargent of the charge against him. *See Russell*, 369 U.S. at 764; *Bowdoin*, 770 F. Supp. 2d at 146. Contrary to the defendant's argument, the Superseding Indictment need not allege facts and circumstances indicating whether Mr. Sargent assaulted, resisted, impeded, opposed, impeded, intimidated or interfered with a federal officer. *See* Mot. to Dismiss at 8.  As the D.C. Circuit has explained, "it is well established that if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charge make proof of any one or more of the acts, proof of one

13

alone, however, being sufficient to support a conviction." *Brown*, 504 F.3d at 104; *see also*

*Mostofsky,* 2021 WL 3168501, at *2 (D.D.C. July 27, 2021) (holding the government need not

specify on which legal theory their indictment rested when considering a motion for a bill of

particulars). For the same reason, Count Two's language alleging "where the acts in violation of

this section involve physical contact with the victim *and* the intent to commit another felony"

survives scrutiny. Superseding Indictment at 2 (emphasis added). The government is free to seek

an indictment on two theories and pursue one or both at trial – the conjunctive indicates that

either allegation, if proven, would permit a jury to convict the defendant. *See Bowdoin*, 770 F.

Supp. 2d at 146; *Russell*, 369 U.S. at 764.

Similarly, neither Rule 7(c)(1) nor the Constitution require the government to explicitly

identify in the indictment the felony on which Count Two rests. While elsewhere the defendant's

guilt or innocence may in fact depend on the underlying felony in Count Two, here, because the

Court must "view the indictment as a whole at this stage of the proceedings," the underlying

felony is necessarily Count One, as it is the only other felony charge in the Superseding

Indictment. *See Bowdoin*, 770 F. Supp. 2d at 145.

Mr. Sargent also claims that Count Two must identify the "officer and employee of the

United States…while such a person was engaged in…official duties" to properly inform him of

the charge against him. Mot. to Dismiss at 8. Similar to the how the identity of  the individual

"law enforcement officer" plays no role in Count One's sufficiency, the individual identity of the

"officer or employee" in Count Two has no bearing on the defendant's potential to be found

guilty. Superseding Indictment at 1-2. Mr. Sargent's guilt hinges on whether the person the

defendant allegedly "assault[ed]…" *is* an officer or employee of the United States, not the

identity of that individual officer or employee. Because the Court assumes the truth of the

allegations in the indictment, the Superseding Indictment's recitation of the statutory language is sufficient. *See* Superseding Indictment at 2.

### (3) Count Two Sufficiently Protects Against Double Jeopardy Concerns

*Third*, Count Two enables Mr. Sargent to plead acquittal or conviction in bar of future prosecutions of the same offense because it tracks the language of the statute and states the date and place of the alleged offense. *Haldeman*, 559 F.2d at 124 n.262. Count Two states both the date of the offense, January 6, 2021, and the location, the District of Columbia. As discussed earlier in regard to Count One, that information alone is enough to "provide sufficient detail to protect against double jeopardy." *See id.*

As Count Two also sets forth the essential elements of the offense and fairly informs the defendant of the charge against which he must defend, the Court finds it is sufficient.

### C. Counts Three-Six: Misdemeanors Involving Restricted Buildings/Grounds and the Capitol Building (18 U.S.C. §§ 1752(a)(1)-(2), (4); and 40 U.S.C. § 5104(e)(2)(F))

#### i) Statutory and Charging Language

Mr. Sargent groups Counts Three to Six and sweepingly argues, in a single sentence, that those Counts must be dismissed because no facts are alleged besides the date and "general location." Mot. to Dismiss at 8. This claim is both factually incorrect and legally flawed for similar reasons as stated above. Counts Three through Five charge violations of 18 U.S.C. § 1752(a), which provides:

Whoever—

(1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so;

(2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;…

(4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds;

18 U.S.C. §§ 1752(a)(1), (2), (4).

Count Six charges a violation of 40 U.S.C. § 5104(e)(2)(F), which states: "An individual or group of individuals may not willfully and knowingly…engage in an act of physical violence in the Grounds or any of the Capitol Buildings."

Counts Three through Six of the Superseding Indictment state the following:

**COUNT THREE**: On or about January 6, 2021, in the District of Columbia, TROY SARGENT did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so...

**COUNT FOUR**: On or about January 6, 2021, in the District of Columbia, TROY SARGENT did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions…

**COUNT FIVE:** On or about January 6, 2021, in the District of Columbia, TROY SARGENT did knowingly engage in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting…

**COUNT SIX**: On or about January 6, 2021, in the District of Columbia, TROY SARGENT willfully and knowingly engaged in an act of physical violence within the United States Capitol Grounds and any of the Capitol Buildings.

Superseding Indictment at 2-3.

**ii)  Counts Three Through Six Are Constitutional**

Like Counts One and Two, Counts Three through Six all closely mirror the language of the statutes that they charge. However, the statutes underlying Counts Three through Six contain

more specific language than Counts One and Two, making any sufficiency concerns less pronounced. Not only do these four counts allege that the offenses occurred "in the District of Columbia," but they all locate them within some variation of the United States Capitol and its grounds. Superseding Indictment at 2-3. With respect to Counts Three through Five, this goes beyond U.S.C. § 1752(a)'s statutory language of "restricted building or grounds," further narrowing the location to "any posted, cordoned-off, and otherwise restricted area…where the Vice President was temporarily visiting." *Id.* Counts Three through Six set forth valid offenses because they "fully, directly and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offence being punished." *Hamling*, 418 U.S. at 117 (internal quotation omitted). These Counts are thus sufficient under Rule 7(c)(1) and the Fifth and Sixth Amendments.

**(1) Counts Three Through Six Set Forth Every Element of the Charged Offense**

*First*, it is undisputed that Counts Three through Six, by mirroring the language of the statutes upon which the charges rest, properly set forth every element of 18 U.S.C. §§1752(a)(1)-(2), (4) and 40 U.S.C. § 1504(e)(2)(F). *See Haldeman*, 559 F.2d at 123.

**(2) Counts Three Through Six Inform the Defendant of the Charges Against Which He Must Defend**

*Second*, Counts Three through Six fairly inform the defendant of the charges against him. Tellingly, unlike with Counts One and Two, the defendant here does not allege that the government failed to specify certain information, merely stating that "Counts Three through Six fair [sic] no better because the whole of the government's superseding information alleges no facts except the date and general location." Mot. to Dismiss at 8. As a threshold matter, this statement ignores the Superseding Indictment's more specific language referencing the United States Capitol and its grounds and/or the United States Capitol Grounds and Capitol Buildings.

17

Further, the defendant neither points to missing facts that would prevent a jury from finding Mr. Sargent guilty for the crimes charged, nor cites to any relevant caselaw mandating dismissal of such charges. As previously discussed, the defendant's general argument that an indictment *must* be accompanied by specific factual allegations beyond the statue holds no weight – that is only true "[w]here guilt depends so crucially upon such a specific identification of fact." *Russell*, 369 U.S. at 764. Not only do Counts Three through Six contain more than a mere recitation of the statutory language, the statute itself requires no additional facts to allow a jury to find a defendant guilty of the charges. The final four counts, and the Superseding Indictment as a whole, adequately inform the defendant of the charges against him.

### (3) Counts Three Through Six Sufficiently Protects Against Double Jeopardy Concerns

*Third*, Counts Three through Six enable Mr. Sargent to plead acquittal or conviction in bar of future prosecutions of the same offenses because they track the language of the statutes and state the date and place of the alleged offenses. *See Haldeman*, 559 F.2d at 124 n.262. All four counts state both the date of the offense, January 6, 2021, and at least the general location, the District of Columbia. *See* Superseding Indictment at 2-3. That information alone is enough to "provide sufficient detail to protect against double jeopardy." *See Haldeman,* at 559 F.2d at 124 n.262.

## IV.    Conclusion

The Superseding Indictment, read as a whole, sets forth every element of the offenses charged as to properly inform Mr. Sargent of the charges against him and protect him against double jeopardy. The Superseding Indictment lacks no specific identification of fact on which guilt depends and does not violate Rule 7(c)(1) or infringe on Mr. Sargent's Fifth and Sixth

Amendment Rights. For these reasons, the Court concludes the Superseding Indictment is sufficient as to all counts and rejects Mr. Sargent's arguments to the contrary.[4]

An accompanying Order was filed on the public docket on March 30, 2022 [ECF No. 49].

**Dated**: April 14, 2022

THOMAS F. HOGAN
United States District Judge

---

[4] However, the Court would like to emphasize that just because the Superseding Indictment is sufficient and does not warrant dismissal as a matter of law does not mean that it is a model of clarity. That is why the Court ordered the government to produce a Bill of Particulars further detailing the facts behind Counts One and Two. *See Nordean*, 2021 WL 6134595, at *20 (citing *Brantley*, 461 F. App'x at 852 ("The sufficiency of the indictment was also not undermined by the filing of a more detailed bill of particulars.")). In neither Count One nor Two, nor in the remainder of the Superseding Indictment, was an omitted fact "a material element of the offense." *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971). Only then would dismissal be warranted. *Id.*