IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:21-cr-00258 (TFH) |
| | : | |
| v. | : | 18 U.S.C. § 231(a)(3) |
| | : | 18 U.S.C. § 111(a)(1) |
| TROY SARGENT, | : | 18 U.S.C. § 1752(a)(1) |
| | : | 18 U.S.C. § 1752(a)(2) |
| Defendant. | : | 18 U.S.C. § 1752(a)(4) |
| | : | 40 U.S.C. § 5104(e)(2)(F) |

**STATEMENT OF OFFENSE**

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Troy Sargent, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

*The Attack at the U.S. Capitol on January 6, 2021*

1. The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol.

2. On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public.

3. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States

Senate were meeting in the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4. As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

5. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the perimeter barricades, and officers of the U.S. Capitol Police, and eventually the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks by U.S. Capitol Police Officers or other authorized security officials.

6. At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. The riot resulted in substantial damage to the U.S. Capitol, requiring the expenditure of more than $1.4 million dollars for repairs.

7. Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 p.m. the same day. In light of the dangerous circumstances caused by the unlawful entry to the U.S. Capitol, including the danger posed by individuals who had entered the U.S. Capitol without any security screening or weapons check, Congressional proceedings could not resume until after every unauthorized occupant had left the U.S. Capitol, and the building had been confirmed secured. The proceedings resumed at approximately 8:00 p.m. after the building had been secured. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

### *Troy Sargent's Participation in the January 6, 2021, Capitol Riot*

8. On January 6, 2021, on U.S. Capitol grounds, defendant Troy Sargent assaulted a member of the U.S. Capitol Police, first by swinging his open hand towards, and making contact with, that officer, and then, 30 seconds later, swinging his open hand again towards the same officer, but instead making contact with another member of the crowd.

9. Body-worn camera footage, recorded by a nearby Metropolitan Police Department officer who was assisting members of the U.S. Capitol Police, shows the defendant near the front of a group of rioters that stood opposite a police line. At approximately 2:30 p.m., the defendant stepped forward from the crowd and swung his open hand towards a U.S. Capitol Police officer, making contact with the officer. Immediately thereafter, another officer instructed the defendant and others, "Do not start attacking people." Thirty seconds later, at approximately 2:31 p.m., the defendant again advanced toward the front of the crowd, swung his open hand towards the same

officer, but instead made contact with another member of the crowd. The defendant then walked back deeper into the crowd.

10. When the defendant made contact with the nearby member of the crowd, he intended to make contact with the same officer at whom he swung his hand thirty seconds earlier. Indeed, the defendant believed that his hand connected with the officer, not a fellow rioter. In a Facebook message to group of approximately 50 people, sent after the riot, the defendant wrote "After I seen them [the police] throwing them flash grenades into the crowd I had to get off the ladder and go get me some." In another post-riot message, sent to a single other person, the defendant said "I got two hits in on the same rookie cop and then he maced me," and "yeah every time he came in his visor was all full of [mace so] I knew [he] couldn't see s*** so I just jumped out from behind somebody punched him as hard as I could [right] in his [visor]." The defendant told another person that he "[p]unched the cop 3 times in their [visor]" and told a third person "[w]hatever I Duff that cop out twice."

### *Elements of the Offense*

11. Defendant Troy Sargent knowingly and voluntarily admits to all the elements of each offense to which he is pleading. Specifically, the defendant admits that:

12. 18 U.S.C. § 231(a)(3): he committed an act to obstruct, impede, or interfere with a law enforcement officer; that officer was lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder; and that civil disorder adversely affected the conduct and performance of a federally-protected function;

13. 18 U.S.C. § 111(a)(1): he forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States; he did so while that

officer or employee was engaged in, or on account of, the performance of official duties; and he made physical contact with the victim of that assault;

14. 18 U.S.C. § 1752(a)(1): he knowingly entered or remained in restricted grounds without lawful authority to do so;

15. 18 U.S.C. § 1752(a)(2): he knowingly, and with intent to disrupt the orderly conduct of Government business or official functions, engaged in disorderly and disruptive conduct in restricted grounds; and his disorderly conduct in fact impeded or disrupted the orderly conduct of Government business or official functions;

16. 18 U.S.C. § 1754(a)(4): he knowingly engaged in an act of physical violence against another person in restricted grounds; and

17. 40 U.S.C. § 5104(e)(2)(F): he willfully and knowingly engaged in an act of physical violence in the Capitol Grounds.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Michael J. Romano*
      Michael J. Romano
      Trial Attorney / Detailee

DEFENDANT'S ACKNOWLEDGMENT

I, Troy Sargent, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 6/23/2022

*/s/ Troy Sargent*
Troy Sargent
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 6/23/2022

*/s/ Joshua R. Hanye*
Joshua Hanye, Esq.
Attorney for Defendant