UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 21-cr-00258-TFH |
| | ) | |
| TROY SARGENT | ) | |
| | ) | |

**MOTION TO CONDUCT SENTENCING BY VIDEOCONFERENCE
AND THAT DEFENDANT REMAIN DETAINED IN THE DISTRICT OF
MASSACHUSSETTS**

Now comes Mr. Sargent with the assent of the government and moves this Honorable Court to conduct the sentencing scheduled for November 2, 2022 by videoconference. In support thereof, videoconferences are permitted for felony sentencings under Standing Order No. 22-45(b) until November 9, 2022 due to the continuing risk to public health and safety caused by the coronavirus pandemic. Standing Order No. 22-45 (BAH) (August 8, 2022). Under the standing order, felony sentencings may be conducted by videoconference prior to November 9, 2022 where the defendant consents and the Court finds that further delay would seriously harm the interests of justice. Id. Mr. Sargent explicitly consents to conducting the sentencing by videoconference and is prepared to waive his right to be physically present at sentencing.

In this case, the interests of justice would be seriously harmed by continuing the sentencing. The parties expect to be prepared to go forward on November 9, 2022. Given that the case has been pending since March 8, 2021, a delay without substantial justification would seriously harm the interests of justice.

1

Mr. Sargent also requests, also with the assent of the government, that he remained detained in the District of Massachusetts. Should the Court allow the motion to conduct the sentencing by videoconference, transporting Mr. Sargent to the District of Columbia would unduly burden Mr. Sargent, the United States Marshals Service, and any detention facilities at which he may be held. Sentencing by videoconference can easily be conducted from facilities within the District of Massachusetts. Allowing Mr. Sargent to remain detained in the District of Massachusetts would facilitate family visits, which will be important for him to maintain contact with his approximately 18-month-old son.

Finally, were Mr. Sargent to be transported to the District of Columbia, there is a strong likelihood that he would not arrive by the November 2, 2022 sentencing date, thus unnecessarily causing further delay.

Undersigned counsel has been in communication with the United States Marshals Service in the District of Massachusetts who have confirmed that there are no barriers to Mr. Sargent remaining detained in the District of Massachusetts. Counsel is also aware that the facilities where Mr. Sargent may be detained use zoom for videoconferences.

For all the above reasons, the defense requests that the Court order sentencing to be conducted by videoconference and that Mr. Sargent remain detained in the District of Massachusetts.

Respectfully submitted,
TROY SARGENT
by his attorney
*/s/ Joshua R. Hanye*
Joshua R. Hanye
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

**Certificate of Service**

I, Joshua R. Hanye, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 14, 2022                                  */s/ Joshua R. Hanye*
                                                        Joshua R. Hanye